**Vernon GRANT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19875.**

United States Court of Appeals Fifth Circuit.

March 29, 1963.

Rehearing Denied May 3, 1963.

Wesley R. Asinof, Atlanta, Ga., for appellant.

Edgar L. Jenkins, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, WOODBURY *, Chief Judge, and BELL, Circuit Judge.

PER CURIAM.

The only ground of appeal here is that the government witness in a prosecution for the illegal sale of narcotics did not testify correctly with respect to the government form to be used in the event of a legal sale.[1]

Upon the trial of this case, after it was proved that appellant sold a quantity of morphine to the witness, Jessup, the question was asked: "Now when you obtained this bottle from Vernon Grant and Harold Johnson did you give them an order signed by the Secretary of the · Treasury or his delegate?" This question was answered in the negative.

No objection was made by the appellant at the time of the trial to the form · of the question. Moreover, no motion was made at the conclusion of the entire

---

* Chief Judge of the First Circuit, sitting by designation.

1. Section 4705 of Title 26 U.S.C.A. makes criminal the sale of narcotic drugs "except in pursuance of a written order of the person to whom such article is sold * * * on a form to be issued in blank for that purpose by the Secretary or his delegate."

trial for a verdict of acquittal on a basis of the failure of the government to introduce evidence sufficient to carry the case to the jury. Thus the trial court was given no opportunity to examine this particular criticism as to the form of the question. We are convinced that no substantial injustice resulted from the form of the question, and therefore we do not consider that the point should be the basis of reversal by this Court in the absence of a timely motion in the trial court.[2]

The judgment is

Affirmed.

---

**2.** We think it only appropriate to comment that different counsel tried the case than counsel who appear before this Court on appeal.